IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THOMAS EARL ANDREWS; RUTHELLEN SHEELIN; MADISON ANDREWS; THOMAS E. ANDREWS; ASHLEY POTH; DOES 1 THROUGH 10; and ROES 1 THROUGH 11<br><br>Plaintiffs,<br><br>v.<br><br>DR. LIAM JOYCE; PRIERRETTE BAKER; SHARANPAL KAUR JOHAL; CARY S. COLLINS; THE TOBIAS GROUP LTD; MAXIMUS TRUST; MASONDRA LLC; FANG TOOTH LLC; AND DOES 1 THROUGH 100; and ROES 101 THROUGH 201<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:19-CV-833-TS<br><br>District Judge Ted Stewart |

This matter is before the Court on a Request to Issue Summons, ("Request") two Motions for a Temporary Restraining Order ("TRO"), a Motion for a Writ of Attachment, and a Motion for Default Judgment by Plaintiff Thomas Earl Andrews ("Mr. Andrews"). Defendant Cary Collins ("Mr. Collins") has also filed a Motion for a Joint Stipulated Agreement and a Request for Entry of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure. Mr. Andrews and Mr. Collins purport to file these documents on behalf of themselves and their co-plaintiffs and co-defendants. Both individuals are proceeding pro se and thus they may not file on behalf of their co-plaintiffs and co-defendants.[1] Also, "[n]o corporation, association, partnership or other artificial entity may appear pro se but must be represented by an attorney . . .

---

[1] *See* DUCivR 83-1.3(c).

."[2] Accordingly, the Court will address these Motions only as they relate to Mr. Collins and Mr. Andrews.

Plaintiffs are five pro se individuals who allege that Defendants swindled them out of $300,000.[3] On October 29, 2019, Plaintiffs filed their Complaint and six days later filed the Request. On November 25, 2019, Mr. Andrews filed a Notice of Lawsuit and Request for Waiver of Summons which purports to show that Mr. Collins waived service for himself, Prierrette Baker, and the entity defendants.[4] The purported waiver of service, however is unsigned by Mr. Collins, and the purported signature page is a stipulation that Mr. Collins has authority to act on his co-defendant's behalf but does not mention waiver of service.[5]

I. ANALYSIS

A. Service of Process (Docket No. 3)

Plaintiff relies on Rule 4(b) of the Federal Rules of Civil Procedure to support his Request that the Court issue a summons to Defendants. Rule 4(b) instructs Plaintiff to "present a summons to the clerk for signature and seal."[6] Once Plaintiff presents a proper summons the clerk must "sign, seal, and issue it to the plaintiff for service on the defendant."[7] Accordingly, Plaintiff's Request may be granted by presenting a proper summons to the clerk's office. To the extent Plaintiff is requesting the Court effect service on his behalf, the Court denies that request at this time.

---

[2] *Id.*
[3] *See* Docket No. 1 ¶ 47.
[4] *See* Docket No. 14.
[5] *See id.* at 14-1.
[6] *See* FED. R. CIV. P. 4(b).
[7] *Id.*

2

B. Motions for ex parte TRO (Docket Nos. 5 & 10)

Plaintiff asks this Court for an ex parte TRO to freeze Defendants' assets.[8] Generally, an ex parte TRO is sought in circumstances where the applicant would face immediate and irreparable harm if the court waited for a preliminary injunction proceeding.[9] Rule 65(b)(1) of the Federal Rules of Civil Procedure authorizes a Court to grant an ex parte TRO only if:

> (1) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (2) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.[10]

As stated by the United States Supreme Court "the stringent restrictions imposed by . . . Rule 65 . . . reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute."[11] Plaintiff has not provided the Court with a record of his efforts to give notice. Nor has he adequately demonstrated why notice should not be required. In accord with Rule 65, the Court declines to grant Plaintiff's Motions.

C. Remaining Motions (Docket Nos. 6, 12, 13, & 15)

Plaintiff has filed a Motion for a Writ of Attachment[12] and a Motion for Default Judgment.[13] Mr. Collins filed a Motion for Joint Stipulation Agreement and a Request for Judgment under Rule 68 of the Federal Rules of Civil Procedure.[14] The Supreme Court has

---

[8] *See* Docket No. 5, at 1; Docket No. 10, at 1.

[9] *Granny Goose Foods, Inc. v. Bhd. Of Teamsters and Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

[10] FED. R. CIV. P. 65(b)(1).

[11] *Granny Goose Foods, Inc.*, 415 U.S. at 438–39.

[12] *See* Docket No. 12.

[13] *See* Docket No. 13.

[14] *See* Docket Nos. 6, 15.

made abundantly clear that "[s]ervice of process . . . is fundamental to any procedural imposition on a named defendant."[15] "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant."[16] Indeed, "[r]ule 68 . . . requires that a defendant must be <u>made a party</u> to the ongoing litigation before he can make a valid offer to allow judgment to be entered against him."[17] "[O]ne becomes a party officially . . . only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend."[18]

Each of these Motions suffers from the same fatal flaw; they are not ripe. Plaintiffs have not served process on Defendants, and Defendants have not properly waived service pursuant to Rule 4(d) of the Federal Rules of Civil Procedure because the purported waiver of service is unsigned by Mr. Collins. The Court, therefore, does not have jurisdiction over Defendants.[19] The Court advises Plaintiffs to serve process on Defendants or obtain valid waivers so the Court may have personal jurisdiction over Defendants. As a note to Plaintiffs, the Complaint was filed on October 29, 2019, and therefore under Rule 4(m), Plaintiffs have until January 27, 2020, to complete service of process or to file a motion for a time extension. Failure to do so may result in dismissal without prejudice. For these reasons, the Motions will be denied without prejudice.

---

[15] *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).

[16] *Id.*; *see also* FED. R. CIV. P. 4(a).

[17] *Felders v. Bairett*, 885 F.3d 646, 652 (10th Cir. 2018) (emphasis in original).

[18] *Id.* (quotation marks omitted).

[19] *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").

## II. CONCLUSION

It is therefore

ORDERED that Plaintiff's Request to Issue Summons (Docket No. 3) is GRANTED, his request for an Ex Parte Motion for Temporary Restraining Order (Docket Nos. 5 & 10) is DENIED, his Motions for a Writ of Attachment and Default Judgment (Docket Nos. 12, & 13) are DENIED without prejudice, and Mr. Collins' Motion for a Joint Stipulation Agreement (Docket No. 6) and Request for Judgment (Docket No. 15) are DENIED without prejudice.

DATED December 9, 2019.

BY THE COURT:

Ted Stewart
United States District Judge